· No. 2249
Second Circuit

ISAAC POSNER v. CHAS. DALE & SON, INC., AND CHAS. DALE

(February 8, 1926, Opinion and Decree)

(*Syllabus by the Editor*) ·

1. Louisiana    Digest — Obligations — Par. 100.

The stipulation in a written contract which provided that the creditor would select the cattle in the future was in its nature a suspensive condition or condition precedent to delivery under Article 2466 of the Civil Code.

2. Louisiana    Digest—Obligations — Par. 100, 149.

Where a suspensive condition in a contract provided that the cattle were to be selected, and the plaintiff left the matter of selection open after he had been shown some of the cattle, the defendant was not in default.

3. Louisiana    Digest—Obligations — Par. 166, 169.

Where the defendant is in default on a contract the plaintiff's action is one in damages.

(Civil Code, Arts. 1927 and 1934. Editor's note.)

Appeal from the Thirteenth Judicial District Court of Louisiana, Parish of Grant. Hon. Leven L. Hooe, Judge.

This is a suit by which the plaintiff seeks to recover judgment in solido against a corporation and individual for balance due for merchandise purchased by the corporation and alleged to have been guaranteed by the individual.

There was judgment for plaintiff against the corporation, which was insolvent, and in favor of the defendant individual.

Plaintiff appealed.

Judgment affirmed.

Blackman & Overton and H. W. Hill, of Alexandria, attorneys for plaintiff, appellant.

W. R. Jones, of Alexandria, attorney for defendant, appellee.

WEBB, J.  In this action plaintiff seeks to recover judgment in solido against Charles Dale & Son, Inc., a corporation, and Charles Dale in the sum of $433.23, balance alleged to be due for merchandise purchased by the corporation, payment of which is alleged to have been guaranteed by Charles Dale, as per written contract referred to, but not annexed to the petition.

The contract reads as follows:

"I hereby agreed to sell I. Posner grown cows at $50.00 each to settle the account of Charles Dale & Sons, due said Posner, amounting to the sum of about $550.00, said cattle to be selected from my herd by Mr. Posner's agent or himself, and delivered to him about the middle of next week, should a cow be selected with a calf the price will be $60.00.  These cattle being my own individual property, I am only binding and obligating myself as to this account and no other obligations of said firm.

"This done and signed this 21st day of May, 1920.

(Signed)  "CHAS. DALE."

The corporation answered admitting the indebtedness, and averred that the corporation had been placed in the hands of a receiver, by whom all of its property had been distributed, and that the debt was extinguished.

Charles Dale answered denying the indebtedness; especially pleaded that the written memorandum referred to by plaintiff as the basis of his claim against him, was not a guarantee of the debt of Charles Dale & Son, Inc.; that the same was wholly without consideration, gratuitous, and represented nothing more nor less than a gift to plaintiff had he seen fit to accept the favor.

He alleges that he had the cattle penned according to the arrangements made, but that plaintiff failed to avail himself of the gratuitous offer, and that after the cattle remained in the pasture for several days beyond the time allowed plaintiff to exercise his option, that the cattle were turned out on the open range where they still are, excepting several head that had died.

That plaintiff had not placed him in default, and that plaintiff, having allowed two years to pass without indicating whether or not he would select the cattle, had been guilty of laches and that the contract could not be equitably enforced, etc.

This action was brought February 17, 1922, and trial was had on June 2, 1924, and judgment was rendered against the corporation for the amount claimed, and in favor of Charles Dale rejecting plaintiff's demands, and plaintiff appeals.

On the trial, the instrument quoted above was offered and filed in evidence; proof was made of the balance due on open account by the corporation, and it was admitted that the corporation had been in the hands of a receiver, and had no property.

The testimony further established that the herd from which plaintiff was to select the cattle consisted of seventy or eighty head, less some that had been sold to other parties; that it was agreed that plaintiff would call at defendant's farm on the following Tuesday and would select the cattle, which were to be shown by Clarence Dale, a son of defendant. It is further established that plaintiff called at defendant's place to select the cattle on the date fixed.

As to what occurred at the time plaintiff called to select the cattle the testimony is conflicting, but we find that the preponderance of the evidence shows that plaintiff was not shown the entire herd by Clarence Dale, representing the defendant, but that plaintiff made no complaint, and that when he left without having selected the cattle he stated that he would wait and see the defendant.

The evidence fails to establish whether or not plaintiff ever called upon defendant with relation to the matter after his trip to defendant's farm; and defendant admits that he did not take the question up with plaintiff; he states, however, that the cattle were kept in the pasture for some time for plaintiff's inspection, and that later they were turned out on the range.

## OPINION

The case is presented by plaintiff upon the theory that the instrument evidences an agreement analogous to a promise of payment of a debt in commodities, and when the commodities, not having been delivered on the date fixed, that defendant lost the right to pay in commodities and the obligation became one solvable only in money.

The agreement is unusual, and the parties have not cited any precedents, and we have not been able to find any case that could be said to be analogous.

Whatever may be the denomination of the agreement, whether the promise to pay the debt of another, which the evidence shows was not fixed at the time of the agreement, but which could be easily ascertained, or a guaranty, we are of the opinion that the stipulation providing that the creditor would select the cattle, was in its nature a suspensive condition, or condition precedent to delivery, (Art. 2466, C. C.), and that, in view of the fact that plaintiff left the matter of selection open after he had been shown some of the cattle by defendant's son, the defendant could not be said to be in default.

On the other hand, if the defendant was in default, we are of the opinion that the action of plaintiff should have been one in damages.

The judgment is affirmed.